:::
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-80815-Civ-RYSKAMP
                                            (07-80161-Cr-RYSKAMP)
                                    MAGISTRATE JUDGE P. A. WHITE

JORGE MENDEZ ROJAS,             :

         Movant,                :

v.                              :        REPORT OF
                                         MAGISTRATE JUDGE
UNITED STATES OF AMERICA,       :

         Respondent.            :
_____

:::

This motion to vacate pursuant to 28 U.S.C. §2255 was filed by the movant on June 23, 2010.[1] The judgment of conviction in the underlying criminal case, No. 07-80161-Cr-Ryskamp, became final on April 21, 2008, when the Eleventh Circuit granted the movant's motion to dismiss his appeal with prejudice.[2]

---

[1] A pro se prisoner's motion to vacate sentence or petition for writ of habeas corpus is deemed to be filed on the date that it was signed, executed, and delivered to prison officials, for purposes of AEDPA's one-year limitations period. Adams v. United States, 173 F.3d 1339 (11th Cir. 1999).

[2] See Boccio v. United States, 2006 WL 4761060 (M.D. Fla. Oct. 20, 2006). Although Boccio is an unpublished opinion and not considered binding precedent, it may be cited as persuasive authority. United States v. Futrell, 209 F.3d 1286 (11th Cir. 2000); citing 11th Cir. R. 36-2.

Alternatively, if, for AEDPA purposes, the date in which the amended judgment was entered is used, then on May 26, 2009, ten days after entry of the amended judgment, is when the time expired for filing a notice of appeal. (See Cr-DE#46). Notwithstanding, under either date, the movant's §2255 petition is untimely filed.

Under the alternative approach, when a defendant does not pursue a direct appeal, the conviction becomes final when the time for filing a direct appeal expires. Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The time for filing a direct appeal expires ten days after the judgment or order being appealed is entered. Fed.R.App.P. 4(b)(1)(A)(i). The judgment is "entered" when it is entered on the docket by the Clerk of Court. Fed.R.App.P. 4(b)(6). On December 1, 2002, Fed.R.App.P. 26 which contains the rules on computing and extending time, was amended so that intermediate weekends and holidays are excluded from the time computation for all pleadings due in less than 11 days. Although in 2009 the time for filing a direct appeal was increased from 10 to 14

It is apparent from the record before this Court that even using the judgment date referenced above to determine when the movant's conviction became final, which in turn changes the date of finality for statute of limitations purposes, this federal petition remains untimely, warranting dismissal. See Burton v. Stewart, 549 U.S. ___, 127 S.Ct. 793 2007);[3] Ferreira v. Secretary, Dept. of Corrections, 484 F.3d 1286 (11th Cir. 2007)(holding that AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because the judgment is based on the conviction and the sentence.); accord, Stevens v. Secretary, Dept. of Corrections, 2007 WL 4557190 (M.D. Fla. 2007).

At the latest, the movant was required to file this motion to vacate within one year from when the Eleventh Circuit dismissed his appeal with prejudice. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). This motion to vacate was filed by the movant on June 23, 2010 and is therefore, untimely. (Cv-DE#1).

Pursuant to 28 U.S.C. §2255, as amended April 24, 1996, a one year period of limitations applies to a motion under the section. The one year period runs from the latest of:

---

days after the judgment is entered, it now includes counting intermediate Saturdays, Sundays, and legal holidays in the computation, See Fed.R.App.P. 4. The 2009 amendment does not apply here, as movant's conviction, although entered on May 11, 2009, the former text of paragraph 4(b)(6) remained in effect until December 1, 2009.

[3]In Burton, a §2254 petition had been filed challenging the petitioner's 1994 conviction, then later (after exhausting remedies following resentencing) the petitioner filed a petition challenging his 1998 resentencing. Burton, 127 S.Ct. at 795-796. The Court held that the sentence is the judgment, and that the limitations period does not begin until both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. Id. 798-799.

2

>     (1)   The date on which the judgment became
>           final by the conclusion of direct review
>           or the expiration of the time for seeking
>           such review;
>
>     (2)   The date on which the impediment to
>           making a motion created by governmental
>           action in violation of the Constitution
>           or laws of the United States is removed,
>           if the movant is prevented from filing by
>           such governmental action;
>
>     (3)   The date on which the constitutional
>           right asserted was initially recognized
>           by the Supreme Court, if that right has
>           been newly recognized by the Supreme
>           Court and made retroactively applicable
>           to cases on collateral review; or
>
>     (4)   The date on which the facts supporting
>           the claim or claims could have been
>           discovered through the exercise of due
>           diligence.

See 28 U.S.C. §2255(f).

Here, it is undisputed that the instant motion was not filed within one year from the date on which the judgment of conviction became final. Nor does movant allege any impediment to making the motion created by governmental action warranting application of subsection (f)(2).

With regard to whether his motion is timely under subsection (f)(4), a §2255 motion based on counsel's failure to file a requested direct appeal is considered timely if the movant files within one year of discovering, through the exercise of due diligence, that counsel did not file the requested appeal. See, Aron v. United States, 291 F.3d 708 (11th Cir. 2002); Anjulo-Lopez v. United States, 541 F.3d 814 (6th Cir. 2008); Wims v. United

States, 225 F.3d 186 (2d Cir. 2000).

The movant did not file his §2255 motion until June 23, 2010. The procedural history of the underlying criminal case reveals that on March 4, 2008, the Clerk entered judgment. (Cr-DE#31). A timely notice of appeal was filed. (Cr-DE#34). However, on April 21, 2008, the Eleventh Circuit granted the movant's motion to dismiss his appeal with prejudice. (Cr-DE#45). Thereafter, an amended judgment was entered on May 11, 2009. (Cr-DE#46). No appeal therefrom was filed. The judgment became final for purposes of the federal limitations period on April 21, 2008, when the movant's motion to dismiss his appeal with prejudice was granted.

It is important to note that the entry of the amended judgment, however, was merely clerical in nature. A review thereof shows that the judgment and the amended judgment are identical in every respect, expect for the USM number. The original judgment lists the USM Number to be 72910-004 (Cr-DE#31); whereas, the amended judgment lists the USM Number as 87904-080. (Cr-DE#46). The change in the judgment was, therefore, insignificant and did not adversely affect any of the movant's substantial rights.

Rule 36, Federal Rules of Criminal Procedure, provides that the "court may at any time correct a clerical error in a judgment . . . arising from oversight or omission." The Eleventh Circuit repeatedly has held that the correction of the offense of conviction in a criminal judgment is clerical in nature. See e.g., United States v. Diaz, 190 F.3d 1247, 1253 (11th Cir. 1999)("the judgment reflects the incorrect offense, . . . which we regard as simply a clerical error"); United States v. De La Rosa-Hernandez, 157 Fed.Appx. 219 (11th Cir. 2005)(unpublished)(fact that judgment incorrectly references count of conviction as possession, instead

4

of conspiracy to possess, is a "clerical error"). Moreover, in addressing a judgment that incorrectly referenced a crime entirely unrelated to the offense of conviction (and cited a statutory subsection that did not exist), the Eleventh Circuit held:

> The judgment entered in this case indicates that [the defendant] was convicted of '18 U.S.C. §911(g) Possession of a Firearm by a Convicted Felon.' The section reference is a scrivener's error. Section 911 involves the crime of falsely impersonating a federal officer or employee, and that statutory provision has no subsections. [The defendant] was actually indicted for, pleaded guilty to, and was convicted of, violation 18 U.S.C. §922(g), which is the provision prohibiting the possession of a firearm by a convicted felon . . . The judgment should be amended accordingly . . . .

United States v. Wimbush, 103 F.3d 968, 970 (11th Cir. 1997). The Eleventh Circuit has further held that when the district court corrects an error in a criminal judgment pursuant to Fed.R.Cr.P. 36, the right to appeal the judgment does not begin anew. See United States v. Portillo, 363 F.3d 1161 (11th Cir. 2004).[4]

Although there does not appear to be an Eleventh Circuit case squarely addressing whether the correction of a clerical error with an amended judgment restarts the one-year limitation provision of §2255, the logic of Portillo clearly indicates that it does not. After all, the Supreme Court has held that a judgment of conviction becomes final, for purposes of §2255, when the movant's opportunity

---

[4]In Portillo, the district court corrected a clerical error in the restitution provision of a criminal judgment. Thereafter, the defendant appealed the restitution portion of the amended judgment. The Eleventh Circuit held that the appeal was untimely pursuant to Fla.R.App.P. 4(b)(1)(A) because the defendant should have appealed the restitution order in the original judgment, which he did not do. Id. at 1166. The correction of the clerical error did not provide the defendant with a second opportunity to appeal the judgment. Id.

for direct appeal of his conviction(s) have been exhausted. See Clay v. United States, 537 U.S. 522, 527-28 (2003).

Moreover, other courts that have addressed this narrow issue appear to have held uniformly that when a case is remanded for a ministerial reason or for the correction of a clerical error (or when the district court *sua sponte* corrects a clerical error in a judgment), the one-year limitations period of §2255 does not begin anew when the district court performs the ministerial directive of the appellate court or corrects the clerical error. See United States v. Wilson, 256 F.3d 217, 219-20 (4th Cir. 2001)(§2255 limitations period not restarted when district court performs the ministerial task of vacating one count on remand); United States v. Dodson, 291 F.3d 268, 275 (4th Cir. 2002)(§2255 limitation period does not begin anew when "appellate court . . . remands for a ministerial purpose that could not result in a valid second appeal"); United States v. Greer, 79 Fed.Appx. 974 (9th Cir. 2003)(unpublished); see also Richardson v. Bramley, 998 F.2d 463, 465 (7th Cir. 1993)("[a] judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, unless the remand is for a purely 'ministerial' purpose'").

Thus, the movant was required to file this motion to vacate within one year from the time the judgment became final, or no later than April 21, 2008. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986). As previously explained, the entry of an amended judgment to correct a clerical error did not restart the §2255 limitations period. Therefore, the filing of this motion to vacate on June 23, 2010, over one year after his conviction became final, is time-barred.(Cv-DE#1).

6

The Eleventh Circuit has held that the limitations period may be equitably tolled when a movant's timely filing of a motion to vacate is impeded by extraordinary circumstances beyond his control and unavoidable even with due diligence. See Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)); Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001)(stating that "[e]quitable tolling can be applied to prevent the application of the AEDPA's statutory deadline when 'extraordinary circumstances' have worked to prevent an otherwise diligent petitioner from timely filing her petition."), cert. denied, ___ U.S. ___, 122 S.Ct. 1965 (2002). It only applies in "truly extraordinary circumstances." Johnson, 340 F.3d at 1226 (citing Jones v. United States, 304 F.3d 1035, 1039-40; Drew, 297 F.3d at 1286).

The onus is on the movant to show that he is entitled to this extraordinary relief. Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). To discharge his burden, he must demonstrate: "(1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing." Lawrence v. Florida, 127 S.Ct. 1085 (2007) (quotation marks and citation omitted); Johnson v. Florida Department Of Corrections, 513 F.3d 1328, 1333 (11th Cir. 2008); Jones v. United States, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing Akins v. United States, 204 F.3d 1086, 1089 (11th Cir. 2000)); Johnson, 340 F.3d at 1226. The court will not relieve a petitioner who has sat upon his rights. United States v. Cicero, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing Coleman v. Johnson, 184 F.3d 398, 402-03 (5th Cir. 1999)). In this case, the movant has not demonstrated extraordinary circumstances beyond his control.

The operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. §2255. Review of the record reveals that the movant was aware or should have been aware of the factual predicate of the claims raised in this petition, as early as the time his appeal was dismissed. See Flanagan v. Johnson, 154 F.3d 196, 198-99 (5th Cir. 1998). See also Worthen v. Kaiser, 952 F.2d 1266, 1268-68 (10th Cir. 1992)(holding that petitioner's failure to discover the legal significance of the operative facts does not constitute cause). The limitations period begins to run when the movant knows, or through due diligence, could have discovered, the important facts for his claims, not when the movant recognizes the facts' legal significance. Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000).

Tolling would not be appropriate in circumstances such as those present in this case where the petitioner was not diligent in pursuing his claims. See Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998)(holding that equitable tolling applies only where prisoner has diligently pursued her claim, but has in some "extraordinary way" been prevented from asserting her rights). See also Baldwin County Welcome Center v. Brown, 466 U.S. 147, 151 (1984); Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)(holding that principles of equitable tolling do not extend to what is best a garden variety claim of excusable neglect); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999)(noting that "equity is not intended for those who sleep on their rights"). The movant has not acted diligently in presenting the challenges he now raises.

In exercising due diligence, a movant is not required to use

"the maximum feasible diligence, but only 'due,' or reasonable, diligence." Aron. 291 F.3d at 712. The due diligence inquiry is "an individualized one that 'must take into account the conditions of confinement and the reality of the prison system.'" Id. (citations omitted). "Due diligence does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." Id. But it does at least require that the prisoner make some *reasonable* efforts to discover the facts underlying his claim. Id.

In this regard, the movant must allege reasonably specific, non-conclusory facts that, if true, would entitle him to relief. Id. at 715, n.6; see, also, Anjulo-Lopez, 541 F.3d at 818-19. Otherwise, no evidentiary hearing is warranted. Aron, 291 F.3d at 714-715; Anjulo-Lopez, 541 F.3d at 817-18. A hearing is not required on claims which are based upon unsupported generalizations or affirmatively contradicted by the record. See, Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989), citing, Guerra v. United States, 588 F.2d 519, 520-21 (5th Cir. 1979). Moreover, a court need not conduct an evidentiary hearing where the issues can be conclusively decided on the basis of the evidence in the record, and where the petitioner's version of the facts have already been accepted as true. See Schultz v. Wainwright, 701 F.2d 900, 901 Turner v. Crosby, 339 F.3d 1247, 1274-75 (11th Cir. 2003). As such, the issue of whether a duly diligent prisoner could have discovered that his appeal had been dismissed more than one year prior to filing a motion to vacate under §2255 can, in appropriate cases, may be resolved on the basis of the record without an evidentiary hearing. Compare, Aron, 291 F.3d at 714-15; Anjulo-Lopez, 541 F.3d at 818-19.

Here, a comparison of Aron and Anjulo-Lopez leads to the

9

conclusion that, even accepting those allegations that are reasonably specific and not contradicted by the record as true, a reasonably diligent person in movant's circumstances would have discovered at the latest in May 2009 that either his appeal was dismissed. A diligent person would have then filed his §2255 motion within a year thereof. The movant did not do so here.

In Aron, the Eleventh Circuit considered whether an evidentiary hearing was warranted on the issue of whether movant had exercised due diligence in discovering that his attorney had failed to appeal his sentence. In that case, counsel had in fact filed a direct appeal. Aron, 291 F.3d at 710-11. The movant alleged, however, that he did not learn that his lawyer had not appealed the sentence until he eventually received a copy of the brief that had been filed. Id. at 710, 712. The movant admitted that he received a copy of the opinion affirming his conviction, but alleged that the opinion did not indicate what grounds had been raised on appeal. Id. at 714. Movant alleged that he therefore filed a motion directly with the Eleventh Circuit to determine what grounds had been raised and that, in response, the Court stated that it could not accept pro se filings from movant because he was represented by counsel. Id. The Eleventh Circuit concluded that, based on those specific uncontradicted allegations, an evidentiary hearing was warranted because, if proven, they could entitle the movant to relief. Id. at 710, 715. Significant factors in Aron, therefore, were that the movant made independent efforts to pursue his rights, and that he was faced with an allegedly unresponsive attorney of record that was an impediment to discovering the basis of his claim. See, Id. at 714.[5]

---

[5]Similarly, in the context of whether a prisoner had exercised the due diligence required to justify equitable tolling of the one-year limitations period under §2244(d)(1)(A), the Supreme Court found it significant that, when faced with an unresponsive attorney of record that the petitioner feared was not

Further, in Anjulo-Lopez, the Sixth Circuit considered whether an evidentiary hearing was warranted on the issue of whether movant had exercised due diligence in discovering that his attorney had failed to file a direct appeal, and specifically relied on the Eleventh Circuit's decision in Aron. Arjulo-Lopez, 541 F.3d at 818 (citing Aron for the proposition that due diligence requires some reasonable efforts to discover the facts supporting his claims). In Arjulo-Lopez, no direct appeal was ever filed. Id. at 815, 819. The movant alleged that his motion was timely because, among other things, he was unable to communicate with anyone due to prison transfers during the first five months after his sentencing, that he believed he was supposed to wait to hear from his attorney about his appeal, and that his lack of the English language and inadequate access to the prison library prevented him filing a timely motion. Id. at 816, 818. The Court concluded that, based on those allegations, no evidentiary hearing was warranted because they were "not indicative of a reasonably diligent quest for information." Id. at 818. In reaching its conclusion, the Court found it significant that the movant had not explained why he was allegedly unable to communicate with anyone, that he had not described any thwarted attempts to check on the status of his appeal, that the fact that no appeal had been filed was a matter of public record and, that when the movant finally did inquire, he easily obtained the information. Id. at 818-19.

Here movant's allegations are much more akin to those in Anjulo-Lopez than to those in Aron or Holland. As previously narrated in this Report, nothing impeded movant from acting

---

protecting his rights, the petitioner contacted the state courts, their clerk and the state bar, and attempted to submit his own pro se filings. See, Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2565 (June 14, 2010).

independently or gathering information about the status of his appeal during the one-year period following dismissal thereof. The movant argues he was precluded from timely filing his §2255 petition because he instead pursued the filing of a prisoner transfer petition, including the efforts he undertook in contacting the Venezuelen embassy and researching said issue. (Cv-DE#12).

According to the movant, following his sentencing hearing, his attorney advised him that the only post conviction relief he was entitled to was under the Prisoner Transfer Treaty. (Cv-DE#12:2). Counsel explained that an appeal in the movant's case was not an option, and rather, he should pursue a possible transfer to Venezuela. (Id.). Due to errors regarding his nationality, the movant began the long process of contacting the Venezuelen Embassy in Washington D.C., to correct any and all documents reflecting he was a Mexican citizen. (Id.:3). However, pursuant to the treaty, he was not permitted to simultaneously have an appeal or a collateral attack pending.

He then argues that not until July 2009, when he learned that his prison transfer process was rejected, was he able to file his §2255 petition. Although the prison transfer process precluded him from filing either a direct appeal or a collateral petition, it was the movant's choice to pursue the former and he has not shown either in this collateral petition or in the underlying criminal proceedings that he was coerced to do so. However, only after his decision to attempt a prison transfer failed, does he wish to pursue a §2255 motion, albeit untimely.

To the extent the movant argues that it was defense counsel's idea to withdraw his petition, this claim is without merit. In his response to the limitations period, the movant states that after

12

February 28, 2008, his attorney informed him about the prison transfer program and suggested that it was the only available remedy. (Cv-DE#12:2). However, Exhibit 1 of his response shows that as early as November 16, 2007, the movant knew "a prisoner is not eligible for transfer until the judgment and sentence in his case is final; that is, when no appeals or collateral attacks are pending." (Id.,Ex.1). Thus, the movant was aware of the program for a while, along with the prerequisite that no appeal may be pending. Only after his efforts with the Venezuelen embassy proved to be futile, does he now argue that his counsel withdrew his petition against his consent. Further, even accepting the movant's allegations as true, nothing precluded him from filing a §2255 motion when he received notice that his appeal had been dismissed, instead of pursing a prisoner transfer.

To the extent the movant argues that his defense counsel failed to file a notice of appeal, this claim is without merit. Evident from a review of the underlying criminal proceedings, counsel filed a timely appeal after judgment was entered. (Cr-DE#34).

Moreover, the movant's bald assertion that his attorney "actively misled" him thus constituting an "extraordinary circumstance" which precluded him from timely pursuing his rights, is without merit and bereft of record support. (See Cv-DE#15:13).

The movant, by his own actions, delayed taking the appropriate steps to filing a timely §2255 motion. The movant admits he was concerned with the situation regarding his citizenship, but rather than act diligently in filing a §2255, he chose to go a different course to his own detriment.

In sum, movant's allegations are not indicative of a "reasonably diligent quest for information." Anjulo-Lopez, 541 F.3d at 818. The relevant question is, therefore, when movant reasonably *could* have discovered in the exercise of due diligence that his appeal was dismissed. Aron, 291 F.3d at 711. For the reasons set forth above, even accepting movant's allegations and submissions as true, the record reflects that a reasonably diligent person in movant's circumstances, could have discovered as he did in this case, that as of May 2010, his appeal had been dismissed. As such, he could have filed this §2255 motion, alleging ineffectiveness of counsel for failure to dismiss his appeal, the latest, by May 2010. He did not do so and is therefore time-barred. Thus, equitable tolling should not be applied to this case.

With the passage of the Antiterrorism and Effective Death Penalty Act, litigants must be attentive to the time limitations for filing a motion to vacate, and make diligent efforts to file the motion within one year from the time their convictions become final. United States v. Trenkler, 268 F.3d 16, 24-27 (1st Cir. 2001); United States v. Prescott, 221 F.3d 686, 687-689 (4th Cir. 2000)(pending motion for new trial after finality of direct review does not toll AEDPA's statute of limitations); O'Connor v. United States, 133 F.3d 548 (7th Cir. 1998); Johnson v. United States, 246 F.3d 655 (6th Cir. 2001); United States v. Norris, 2000 WL 521482 (DC Cir. 2000); United States v. Chambers, 126 F.Supp.2d 1052 (E.D. Michigan 2000). The movant has failed to establish that he acted diligently in pursuing the filing of this motion.

In conclusion, the movant has not demonstrated that he diligently pursued filing of this motion to vacate within one year from the time his convictions became final. The time-bar is ultimately the result of the movant's failure to properly and

timely prosecute this federal habeas corpus petition.

Finally, if the movant means to argue that he is entitled to equitable tolling because he is an unskilled layperson with a limited educational background who is unfamiliar with the law, this argument, however, does not excuse the movant from the applicable time limitations. Mere ignorance of the law or lack of knowledge of filing deadlines does not justify equitable tolling of AEDPA's limitation period. See Felder v. Johnson, 204 F.3d 168, 172-73 & n. 10 (5th Cir. 2000)(citing cases), cert. denied, 531 U.S. 1035 (2000)(holding that ignorance of law and pro se status are insufficient to toll statute of limitations); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999); United States v. Flores, 981 F.2d 231, 236 (5th Cir.1993)(holding pro se status, illiteracy, deafness, and lack of legal training are not external factors excusing abuse of the writ); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986)(illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991)(holding equitable tolling of limitations period within the Age Discrimination in Employment Act was not warranted by plaintiff's unfamiliarity with legal process, his lack of representation, or his ignorance of his legal rights).

It is therefore recommended that this motion to vacate be dismissed as time-barred, and the case closed.[6]

---

[6] It should be noted that arguments not raised by the movant during this collateral proceeding before a magistrate judge cannot thereafter be raised for the first time in objections to a Report and Recommendation. See Starks v. United States, 2010 WL 4192875 at *3 (S.D. Fla. 2010); United States v. Cadieux, 324 F.Supp. 2d 168 (D.Me. 2004). "Parties must take before the magistrate, 'not only their best shot but all of the shots.'" Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)(qouting Singh v. Superintending Sch. Comm., 593 F.Supp. 1315, 1318 (D.Me. 1984)).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 21st day of March, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Jorge Mendez Rojas, Pro Se
 Reg. No. 87904-080
 Federal Correctional Institution
 P.O. Box 1009
 Welch, WV 24801

 Kerry S. Baron, AUSA
 United States Attorney's Office
 500 South Australian Avenue
 Suite 400
 West Palm Beach, FL 33401

 Anne Ruth Schultz, AUSA
 United States Attorney's Office
 99 NE 4th Street
 Miami, FL 33132